IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

KATHERINE L. FULTON,
    Plaintiff,

v.

SSC HAMILTON OPERATING
COMPANY LLC, d/b/a
MONTEBELLO HEALTH CARE
CENTER,
    Defendant.

Case No. 4:19-cv-04116-SLD-JEH

**Order**

    The Plaintiff's Complaint (Doc. 1) asserts diversity of citizenship as the basis of the Court's subject matter jurisdiction.  The allegations of the Complaint do not sufficiently support that assertion.

    The Complaint alleges the following information about the parties.  The Plaintiff is a citizen of the State of Iowa.  The Defendant is a limited liability company organized under the laws of Delaware and has its principal place office in Atlanta, Georgia.  The Defendant does business in Illinois as SSC Hamilton Operating Company, LLC, under the assumed name of Montebello Health Care Center at Hamilton, Illinois.  On information and belief, no member of SSC Hamilton Operating Company LLC is a citizen of the State of Iowa.

    First, Citizenship for diversity purposes of a limited liability company is the citizenship of each of its members.  *Wise v. Wachovia Securities, LLC*, 450 F.3d 265, 267 (7th Cir. 2006).  The Court must know the identity of each member of the LLC Defendant as well as each member's citizenship.  *Thomas v. Guardsmark, LLC*, 487

1

F.3d 531, 534 (7th Cir. 2007). If applicable, the Court must also know each member's members' citizenship. *Id.* While the Plaintiff alleges, on information and belief, that that no member of Defendant is an Iowa citizen, a "naked declaration that there is diversity of citizenship is 'never sufficient.'" *Otterness v. PLA-FIT Franchise, LLC*, No. 14-4106, 2015 WL 93906, at *2 (C.D. Ill. Jan. 6, 2015), *quoting Thomas*, 487 F.3d at 533.

Second, asserting jurisdiction on the basis of "information and belief" is insufficient to invoke diversity jurisdiction. *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) ("to the best of my knowledge and belief" is insufficient to invoke diversity jurisdiction); *Page v. Wright*, 116 F.2d 449, 451 (7th Cir. 1940) (expressing serious doubts as to whether the record could be sustained in the face of a direct jurisdictional attack where diversity jurisdiction was asserted, in part, based upon information and belief).

The Court may grant leave to amend defective allegations of subject matter jurisdiction pursuant to 28 U.S.C. § 1653. *See also Leaf v. Supreme Court of State of Wis.*, 979 F.2d 589, 595 (7th Cir. 1992) ("[L]eave to amend defective allegations of subject matter jurisdiction should be freely given"). Accordingly, the Plaintiff is directed to file an amended complaint within 14 days of this date that adequately alleges the factual basis for this Court's jurisdiction.

*It is so ordered.*

Entered on June 11, 2019.

s/Jonathan E. Hawley
U.S. MAGISTRATE JUDGE